UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

PAUL SOARES,

                                        Plaintiff,                    **COMPLAINT**

                -against-                                              Jury Trial Demanded

THE CITY OF NEW YORK, DETECTIVE JAMES
WILLIAMS, shield # 6664, UNDERCOVER OFFICER #
C0281, UNDERCOVER OFFICER # C0302, SERGEANT
ROLETTE CORDERO, tax # 925119, JOHN DOES 1-2,

                                        Defendants.

---------------------------------------------------------------------- x

         Plaintiff PAUL SOARES, by his attorney RICHARD CARDINALE, alleges as

follows:

## PRELIMINARY STATEMENT

         1.       This is a civil rights action in which the plaintiff alleges that the City of

New York and three New York City Police Officers of the Brooklyn South Narcotics Division

violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United

States Constitution, and New York state law by unlawfully stopping and frisking him, using

unreasonable force on him, falsely arresting him and denying him a fair trial.  Plaintiff seeks

compensatory and punitive damages, attorney's fees and costs and such other and further relief

as the court deems just and proper.

## JURISDICTION & VENUE

         2.       This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery, false arrest and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

7.      Plaintiff testified at a 50-h hearing.

8.      This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9.      Plaintiff is a resident of the State of New York, County of Kings.

10.      The City of New York is a municipal corporation organized under the laws of the State of New York.

11.      The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

2

## STATEMENT OF FACTS

12. On February 27, 2014, at approximately 7:30 p.m., plaintiff, a 50 year-old man, was standing on the sidewalk on the corner of 104th Street and Glenwood Road in Brooklyn, New York talking with friends, obeying the law and not acting in a suspicious manner. There were several individuals standing on the sidewalk near plaintiff.

13. Two of the defendant Police Officers, under the supervision of Sergeant Rolette Cordero, stopped their unmarked car, approached plaintiff and stopped and frisked him without legal justification.

14. Nothing illegal was found on plaintiff and plaintiff had practically no money on him.

15. Plaintiff asked the officers "Why are you arresting me, what did I do wrong." The defendants replied "We'll tell you later."

16. The defendants then pushed plaintiff into a police van and handcuffed plaintiff excessively tight. Defendants refused to loosen the cuffs.

17. The aforesaid use of force caused plaintiff to suffer pain, swelling and bruising.

18. In order to increase their arrest numbers and earn overtime compensation, the defendants arrested plaintiff without probable cause and charged him with sale and possession of marijuana.

19. The defendants drove the tightly handcuffed plaintiff around for a significant period of time in a police van, and eventually brought him to the 69th Precinct for arrest processing.

20.     In the 69th Precinct, one of the defendants, under the supervision of defendant Sergeant Rolette Cordero, illegally strip searched plaintiff and searched plaintiff's genitals and buttocks with his hands.

21.     In the 69th Precinct, defendants James Williams and Undercover Officer # C0281, with the approval of the other defendants, completed arrest paperwork charging plaintiff with sale and possession of marijuana and alleged that plaintiff handed an "object" to an alleged marijuana dealer, who in turn sold the marijuana to Undercover Officer # C0302.

22.     After defendants completed their arrest paperwork, plaintiff was taken to Brooklyn Central Booking to await arraignment.

23.     While plaintiff was held in Brooklyn Central Booking, defendant James Williams, with the approval of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff sold and possessed marijuana, and encouraged prosecutors to file false criminal charges against plaintiff.

24.     On February 28, 2014, defendant Williams, with the approval of the other defendants, signed a criminal court complaint falsely charging plaintiff with sale and possession of marijuana.

25.     On February 28, 2014, approximately 20 hours after being taken into custody, plaintiff was arraigned in criminal court and released on his own recognizance.

26.     On May 19, 2014, plaintiff appeared in criminal court and the prosecution offered plaintiff an adjournment in contemplation of dismissal with immediate sealing, which plaintiff accepted.

27.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 20 hours and suffered a loss of liberty, "garden variety"

4

emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain, bruising and swelling.

## FIRST CLAIM

### (UNLAWFUL STOP & FRISK UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

28.     Plaintiff repeats the foregoing allegations.

29.     Defendants stopped and frisked plaintiff without legal justification or consent.

30.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for unlawfully stopping and frisking him.

## SECOND CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

31.     Plaintiff repeats the foregoing allegations.

32.     At all relevant times, plaintiff did not commit a crime or violation.

33.     Despite plaintiff's innocence, the defendants arrested plaintiff.

34.     Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

35.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

36.     Plaintiff repeats the foregoing allegations.

37.     Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain, bruising and swelling.

38.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## FOURTH CLAIM

### (ILLEGAL STRIP SEARCH)

(Against the Individual Defendants)

39.     Plaintiff repeats the foregoing allegations.

40.     Defendants' strip search of plaintiff was illegal because there was no reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes, because plaintiff was not being placed in a general jail population at the time of the search, and because the search involved the touching of plaintiff's genitals and buttocks.

41.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## FIFTH CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

(Against the Individual Defendants)

42.     Plaintiff repeats the foregoing allegations.

43.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime.

44.     Defendants' misrepresentations deprived plaintiff of liberty.

45.     Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

6

## SIXTH CLAIM

**(FAILURE TO INTERVENE UNDER THE FOURTH & SIXTH AMENDMENTS)**

(Against the Individual Defendants)

46.     Plaintiff repeats the foregoing allegations.

47.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

48.     Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

**(FALSE ARREST UNDER STATE LAW)**

(Against the Individual Defendants)

49.     Plaintiff repeats the foregoing allegations.

50.     At all relevant times, plaintiff did not commit a crime or violation.

51.     Despite plaintiff's innocence, the defendants arrested plaintiff.

52.     Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

53.     Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## EIGHTH CLAIM

**(ASSAULT)**

(Against the Individual Defendants)

54.     Plaintiff repeats the foregoing allegations.

7

55.     Defendants' use of force, strip search, and search of plaintiff's genitals and buttocks plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

56.     Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## NINTH CLAIM

### (BATTERY)

(Against the Individual Defendants)

57.     Plaintiff repeats the foregoing allegations.

58.     Defendants' use of force, strip search, and search of plaintiff's genitals and buttocks use of force upon plaintiff constituted offensive and nonconsensual physical contacts which injured plaintiff.

59.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## TENTH CLAIM

### (VICARIOUS LIABILITY)

(Against the City of New York)

60.     Plaintiff repeats the foregoing allegations.

61.     The individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

62.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Attorney's fees and costs;

d.      Such other and further relief as the Court may deem just and proper.

DATED:      July 9, 2014

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391